**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO.  3:23-CR-00127-01** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **JOSEPH ALLEN BEVERS (01)** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

**MEMORANDUM RULING**

Before the Court is a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [Doc. No. 81] filed by Defendant, Joseph Allen Bevers ("Bevers"). The United States of America ("the Government") filed a Response [Doc. No. 84], and Bevers filed a Reply [Doc. No. 85].

For the reasons set forth herein, Bevers' Motion is **DENIED**.

## I. BACKGROUND

On or about May 24, 2023, a federal grand jury returned a three-count indictment, charging Bevers with production of child pornography in violation of 18 U.S.C. § 2251(a) ("Count I"), receipt of child pornography in violation of 18 U.S.C. §§ 2252A(a)(2)(A) & (b)(1) ("Count II"), and possession of child pornography in violation of 18 U.S.C. §§ 2252A(a)(5)(B) & 2252A(b)(2) ("Count III").[1] The Federal Public Defender's Office appointed Robert S. Noel, II ("Mr. Noel") to represent Bevers.[2] On October 10, 2023,  pursuant to a written plea agreement, Bevers pleaded

---

[1] [Doc. No. 18].
[2] [Doc. No. 13].

guilty to Count I of the indictment.[3] Bevers' presentence report ("PSR") calculated his offense level of 38, criminal history category of V, and the guideline range for imprisonment to be 360 months to life.[4] On April 11, 2024, Bevers was sentenced to a low-guideline range of 360 months as to Count I.[5] On April 15, 2025, Bevers appealed his sentence on restitution matters.[6] On August 6, 2025, the United States Court of Appeals for the Fifth Circuit affirmed Bevers' sentence but vacated and remanded as to certain restitution awards.[7]

In the present Motion, Bevers argues several points. First, Bevers contends that his counsel was ineffective at the guilty plea stage and the sentencing stage.[8] For grounds two, three, and four, Bevers argues that his sentence is excessive, and there was "lack of any prior convictions for sexual offenses."[9]  The Government, on the other hand, argues that "the defendant's conclusory allegations about his attorney are meritless, and his claims about his sentence are procedurally barred."[10]

The issues are briefed, and the Court is prepared to rule.

## II.    LEGAL STANDARD

Section 2255 of Title 28 of the United States Code provides that a federal prisoner serving a court-imposed sentence "may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). Only a

---

[3] [Doc. No. 37].
[4] [Doc. No. 41].
[5] [Doc. No. 54].
[6] [Doc. No. 58].
[7] [Doc. No. 74].
[8] [Doc. No. 81, p. 4].
[9] [Id. at pp. 5–8].
[10] [Doc. No. 84, p. 3].

narrow set of claims are cognizable in a § 2255 motion. The statute identifies four bases on which a motion may be made: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack." *Id.* A claim of error that is neither constitutional nor jurisdictional is not cognizable in a § 2255 proceeding unless the error constitutes "a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Addonizio*, 442 U.S. 178, 185 (1979) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)).

Even if the issues are constitutional or jurisdictional, the defendant may be procedurally barred from raising them collaterally since collateral review is fundamentally different from and may not replace direct appeal. *United States v. Shaid*, 937 F.2d 228, 231–32 (5th Cir. 1991). If claims of constitutional or jurisdictional import are not raised on direct appeal, the claims are procedurally defaulted and can only be considered in a § 2255 proceeding if a movant can show cause for his failure to raise his claims on appeal and actual prejudice resulting from the alleged errors. *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996) ("[A] defendant who raises a constitutional or jurisdictional issue for the first time on collateral review must show both cause for his procedural default and actual prejudice due to any such error."); *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996) ("When raising issues of jurisdictional or constitutional magnitude for the first time on collateral review, a defendant ordinarily must show both cause for his

procedural default and actual prejudice resulting from the error."). Even if a defendant cannot establish cause or prejudice, procedurally defaulted claims can be considered for the first time in a § 2255 proceeding if the movant can show that he is actually innocent. *Bousley v. United States*, 523 U.S. 614, 622 (1998) ("Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' or actual 'prejudice' . . . or that he is 'actually innocent[.]'") (citations omitted).

When a § 2255 motion is filed, the district court must first conduct a preliminary review. "If it 'plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion.'" *Vargas v. United States*, 819 F. Supp. 2d 366, 375 (S.D.N.Y. 2011) (quoting *Puglisi v. United States*, 586 F.3d 209, 213 (2d Cir. 2009)). An evidentiary hearing must be held "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).

Ultimately, the petitioner bears the burden of establishing his claims of error by a preponderance of the evidence. *Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980). For certain "structural" errors, relief follows automatically once the error is proved. *Brecht v. Abrahamson*, 507 U.S. 619, 629–30 (1993). For other "trial" errors, the court may grant relief only if the error "had substantial and injurious effect or influence" in determining the outcome of the case. *Id.* at 637–38; *see also United States v. Chavez*, 193 F.3d 375, 379 (5th Cir. 1999) (applying *Brecht* in a § 2255

proceeding). If the Court finds that the prisoner is entitled to relief, it "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b).

Generally, "claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice." *Massaro v. United States*, 538 U.S. 500, 504 (2003) (citation omitted). But in *Massaro*, the Supreme Court held that "ineffective-assistance-of-counsel claims may be brought in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal." *Id.*; *see also United States v. Ramos*, 801 F. App'x 216, 226 (5th Cir. 2020) (citing *Massaro* for proposition that "[t]he Supreme Court has emphasized that a 28 U.S.C. § 2255 motion is the preferred method for raising allegations of ineffective assistance of counsel).

To prevail on a claim that legal representation fell short of the assistance guaranteed by the Sixth Amendment, a convicted defendant must meet the two-pronged test established in *Strickland v. Washington*, 466 U.S. 668 (1984). The defendant must show that his attorney's actions were objectively unreasonable and that his attorney's unreasonable actions resulted in prejudice. *United States v. Valdez*, 973 F.3d 396, 402 (5th Cir. 2020) (reiterating the two-prong *Strickland* test); *United States v. Phea*, 953 F.3d 838, 841 (5th Cir. 2020) (same).

To demonstrate deficiency, Bevers must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by

the Sixth Amendment." *Strickland*, 466 U.S. at 687. To demonstrate prejudice, he must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Porter v. McCollum*, 558 U.S. 30, 38–39 (2009). A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Strickland*, 466 U.S. at 694. The defendant must establish both prongs of this test. *Carter v. Johnson*, 131 F.3d 452, 463 (5th Cir. 1997) ("Failure to prove either deficient performance or actual prejudice is fatal to an ineffective assistance claim."); *Armstead v. Scott*, 37 F.3d 202, 210 (5th Cir. 1994) ("A court need not address both components of the inquiry if the defendant makes an insufficient showing on one.").

### III.    Analysis

#### A.    Ineffective assistance of counsel

Bevers' claims are best analyzed by grouping them into two categories: (1) ineffective assistance of counsel at the guilty plea stage and (2) ineffective assistance of counsel at the sentencing stage. In both categories, the Court finds that Bevers has failed to establish either prong of the *Strickland* test, in that he has failed to establish either deficient performance or prejudice for any claim.

##### 1.    Guilty Plea

Prejudice in the context of guilty pleas "means there is a reasonable probability that the defendant 'would not have pleaded guilty and would have insisted on going to trial.'" *Valdez*, 973 F.3d at 403 (citation omitted). However, "the conviction must be upheld if the plea was voluntary, even if counsel provided ineffective assistance." *United States v. Williams*, 116 F. App'x 539, 540 (5th Cir. 2004).

Bevers claims that Mr. Noel "failed to explain details to me after being informed I have comprehensive problems," "lied to me and led me to believe things about my sentence that wasn't true," "told me one thing while knowing the outcome to be different," and "refused to explain things to me when I would ask questions."[11]

Bevers fails to demonstrate that he suffered any prejudice with respect to his guilty plea. He does not, for example, present any evidence that he would have rejected the plea agreement and proceeded to trial had counsel acted differently, nor does he make such a claim in his Motion. Instead, Bevers relies on unsupported and conclusory assertions that he did not understand the plea agreement because Mr. Noel allegedly failed to explain its terms to him. However, there is no evidence of such either in Bevers' Motion or in the transcript.

Moreover, during the guilty plea hearing, when Bevers raised questions regarding discovery, the Court recessed the proceedings to allow Mr. Noel additional time to review the discovery materials available to Bevers and to discuss the implications and consequences of entering a guilty plea.[12] Even without the additional time, Mr. Noel stated that he had gone over this information, along with the entire plea agreement, before the guilty plea.[13] When the proceedings resumed, Bevers appeared before the Court that same day and affirmed under oath that he understood the plea agreement and had signed the package.[14] He understood the maximum possible penalty on Count 1, which was not less than fifteen (15) years.

---

[11] [Doc. No. 81, p. 4].
[12] [Doc. No. 69, p. 2–6].
[13] [Id. at p. 4].
[14] [Id. at 8].

Page **7** of **11**

Further, when the Court asked Bevers about how the guidelines would apply to his case, Mr. Noel stated he had gone over how they might affect his case, but he did not predict a sentence term because of certain factors.[15] Bevers asserted that "he believed" he understood.[16]

Moreover, as to the execution of the plea agreement, official documents signed by the defendant at the time of the guilty plea are entitled to "great evidentiary weight." *Hobbs v. Blackburn*, 752 F.2d 1079, 1081 (5th Cir. 1985). Bevers attested to the following:

> I understand the nature of the charges against me and the maximum possible penalties that may be imposed against me.
>
> I further state that my plea in these matters is free and voluntary and that it has been made without any threats or inducements whatsoever (except the Plea Agreement) from anyone associated with the State or United States Government or my attorney, and that the only reason I am pleading guilty is that I am in fact guilty as charged.[17]

Perhaps most telling, this Court found Bevers' plea was knowing and voluntary.[18]

Therefore, Bevers fails to provide any avenue for this Court to find his plea was involuntary because of Mr. Noel's alleged failure to explain certain issues to him. Accordingly, the Court finds that Bevers' guilty plea was entered knowingly and voluntarily and that no claim of ineffective assistance of counsel has been shown at the plea stage.

---

[15] [Doc. No. 69, p. 18].
[16] [Id.].
[17] [Doc. No. 39-1, pp. 1–2].
[18] [Doc. No. 69, p. 21].

### 2. Sentencing

Bevers asserts that Mr. Noel "lied to [him] and led [him] to believe things about [his] sentence that wasn't true."[19] Additionally, Bevers contends that Mr. Noel failed to thoroughly explain details when asked.[20]

"In the context of sentencing, prejudice means that but for his counsel's error, his sentence would have been significantly less harsh." *United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000). Mr. Noel's conduct did not prejudice Bevers, under this test, for several reasons.

First, Mr. Noel raised five objections to the PSR.[21] At the hearing, the Court considered and ultimately denied those objections.[22] Nevertheless, the fact that Mr. Noel submitted objections on Bevers' behalf demonstrates that he reviewed the PSR and actively advocated his client's interests. *See United States v. Pea*, No. 03-CR-50013-07, 2009 WL 4782095, at *3 (W.D. La. 2009) (holding that counsel's objections to the presentence report helped show the "attorney's engagement and use of strategy"). And to be successful on § 2255 at the sentencing stage, Bevers must show that, but for counsel's error, his sentence would have been less harsh. *Stewart*, 207 F.3d at 751. Bevers has neither demonstrated nor alleged facts sufficient to establish such a showing.

Second, with respect to the sentencing stage, Bevers' claims are limited to allegations that Mr. Noel failed to adequately explain certain aspects of the

---

[19] [Doc. No. 81, p. 4].
[20] [Id.].
[21] [Doc. No. 70, pp. 3–10].
[22] [Id.].

proceedings and misrepresented the sentence he would receive.[23] However, Bevers provides no meaningful evidence to support either allegation. At sentencing, Bevers confirmed that he had personally reviewed the PSR with his attorney.[24] Furthermore, Bevers does not identify any specific aspect of the sentencing process that Mr. Noel allegedly failed to explain, nor does he demonstrate how any such failure resulted in prejudice.

Accordingly, Bevers' ineffective assistance of counsel at the sentencing stage fails for the reasons above.

### B.      Procedural Bar on Grounds Two through Four

The crux of Bevers' appeal challenged his restitution awards. In this Motion, Bevers asserts constitutionally excessive sentencing and a lack of prior convictions for sexual convictions.[25] While constitutional issues and jurisdictional challenges are two of the four perceivable grounds under § 2255 motions, such claims are procedurally barred if not raised on direct appeal unless Bevers can show actual prejudice resulting from the alleged errors. 28 U.S.C. § 2255; *Placente*, 81 F.3d at 558. Bevers neither makes nor can he make such a showing. Moreover, even if no procedural bar existed, he received a sentence at the low end of the applicable Guidelines range of 360 months to life imprisonment and was assigned a criminal history category of V.

---

[23] [Doc. No. 81, p. 4]; [Doc. No. 85, p. 1].
[24] [Doc. No. 70, p. 2].
[25] [Doc. No. 81, pp. 5–8].

Accordingly, within guideline-range sentence is reasonable, and not constitutionally excessive. Thus, Bevers' § 2255 claims on grounds two through four of his Motion are procedurally barred and, therefore, denied.

## IV.    CONCLUSION

For the reasons set forth herein,

**IT IS ORDERED, ADJUDGED, AND DECREED** that Defendant Joseph Allen Bevers' Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [Doc. No. 81] is **DENIED.**

MONROE, LOUISIANA, this 23rd day of June 2026.

TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE